*Law Offices Of*
Roger E. Naghash
Bar Number: 181740
Newport Gateway Towers
19800 MacArthur Boulevard, Suite 1100
Irvine, California 92612-2440
Telephone: (949) 955-1000
Facsimile: (949) 852-9511

Attorneys for: Plaintiff, A.B.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DEVISION

| | |
|---|---|
| A.B.,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>FACEBOOK, INC., WHATSAPP, INC., 247FOREXTRADE Also Known As 4REXTRADE, ROSE LUND, JANE DOE, AND DOES 1 Through 100, Inclusive,<br><br>　　　　　　Defendants. | CASE NO.:<br><br>COMPLAINT FOR:<br><br>1. Violations of Trafficking Victims Protection and Reauthorization Act, 18 U.S.C. §§ 1591(a) and 1595(a);<br>2. Violations of Cal. Pen. Code § 236.1 and Cal. Civ. Code § 52.5);<br>3. Intentional and Negligent Infliction of Emotional Distress<br>4. Intentional Misrepresentation and Concealment (Fraud)<br>5. Theft by False Pretenses – Violation of Cal. Pen. Code § 496(c))<br>6. Declaratory and Injunctive Relief<br><br>Assigned Judges:<br><br><br>Complaint Filed on |

## JURISDICTION AND VENUE

1. Plaintiffs have suffered injuries that are traceable to the actions of the defendants and

the action is a case or controversy over which this court has Jurisdiction under Article III of the United States Constitution.

2. This case is brought pursuant to 18 U.S.C. § 1591 and 18 U.S.C. § 1595 with pendent state claims. Jurisdiction is based upon 28 U.S.C. §§ 1331 and 1343. This court has pendent Jurisdiction over state law claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) because the defendants reside in the Eastern District of California and Plaintiffs claims for relief arose in this District.

## PARTIES

4. Plaintiff, **A.B., an individual** (referred to as "**Plaintiff**" or "**A.B.**") is now, and at all relevant times herein fictitiously identified to protect Plaintiff's right of privacy, prevent societal scorns, prejudices, and prevent harms to Plaintiff and family members, who resides in Riverside, Orange, and Los Angeles Counties, California. Plaintiff's true name is NOT revealed herein, in order to protect Plaintiff's true identity, harassments, bodily injuries and possibly death.

5. Defendant, **FACEBOOK, INC.**, (hereinafter "**Defendant**" or "**Facebook**") is and at all times mentioned here believe to be an entity unknown structure that is authorized to conduct business in the State of California.

6. Defendant, **WHATSAPP, INC.**, (hereinafter "**Defendant**" or "**WhatsApp**") is and at all times mentioned here believe to be an entity of unknown structure that is authorized to conduct business in the State of California.

7. Defendant, FACEBOOK, owns, operates, and manages Defendant, WHATSAPP, and they have equal management, presents, and control over human trafficking and sexual exploitations of minor and adult victims on World Wide Web.

8. Defendant, **247FOREXTRADE Also Known As 4REXTRADE**, (hereinafter "**Defendant**" or "**247FOREXTRADE Also Known As 4REXTRADE**" or "**Exploitation Scheme**" or "**Fictious Entities or Money Laundering Operation**") is and at all times mentioned here believe to be an entity of unknown structure that is unclear as to whether it is authorized to

conduct business in the State of California.

9. Defendant, **ROSE LUND**, (hereinafter "**Defendant**" or "**Lund**" or "**Sex Worker 1**") is an at all times mentioned here believe to be an individual, whose true identity or her residence is unknown, but believe to be in Counties of Riverside, Orange or Los Angeles.

10. Plaintiff does not know the true names and capacities whether corporate, partnership, agent, servant employee, partner, joint venturer, surety, associate, individual or otherwise of defendants sued herein as DOES 1 through 100, Inclusive. Plaintiff is informed, believes, and on that basis allege that defendants DOES 1 through 100, Inclusive, are in some manner responsible for the acts, occurrences and transactions set forth herein, and are legally liable to Plaintiff. Plaintiff will seek leave to amend this Complaint to set forth the true names and capacities of said fictitiously named defendants together with appropriate charging allegations when ascertained.

11. At all times mentioned herein, Defendant, Facebook had established a social media platform, whereby it collects and stores individual and entities detailed and private information and photos for commercial proposes. When individual or entities members do NOT provide their private information, Defendant, Facebook was and is secretly mining individual and entities' private data for resale or other commercial purposes for the sole benefit of Defendant, Facebook, and its other business that it controls and manages, without individual or entities' knowledge, consent, or authorization.

12. In or about July of 2019, Plaintiff, A.B. had established a social media account with Defendant, Facebook.

13. At the time, Plaintiff, A.B. established its social media account with Defendant, Facebook, Defendant, Sex Worker 1, had an existing social media account and she had already established a prominent presence on Defendant, Facebook's platform, and she was well known to Defendants, Facebook, and WhatsApp.

14. Defendants, Facebook and WhatsApp, knew or should have known that Defendant, Sex Worker 1, was a commercial sex worker, offering her services to Facebook and WhatsApp users, extorting money and bitcoin, blackmailing, forcing unsuspecting users into servitude, providing sex and sexual acts for money both online and in-person, and other similar activities for

many years.

15. Plaintiff, A.B. had never authorized or provided its consent, to Defendants, Facebook, or WhatsApp, to mine or harvest its private information and share it with anyone for the benefit of Defendant, Facebook's benefits.

16. Upon establishing its social media account, with Defendant, Facebook, Plaintiff, A.B., began privately posting intimate, sensitive, and important family information and pictures on its Facebook account that made him uniquely susceptible to fraud, online and in-person sex manipulations, and servitude.

17. In or about July of 2019, upon posting its intimate, sensitive, and important family information and pictures on its Facebook account, Defendant, Facebook obtained Plaintiff's private and intimate information to Defendant, Sex Worker 1, to miniplate, defraud, engage in commercial online sex acts and ultimately into complete and uncontrollable servitude of Defendants, Sex Worker 1 and others, whose identities are unknown at this time.

### SEX TRAFFICKING AND HUMAN TRAFFICKING

18. Defendants, Facebook, WhatsApp, Sex Worker 1 and others, whose identities are unknown at this time, had perfected their scheme to pray on unsuspecting Facebook and WhatsApp's users, similar to Plaintiff, A.B., into servitude, forced sex and other unlawful activities, online and in-person, (hereinafter "**Fraudulent Scheme**").

19. On daily basis, Defendant, Facebook, mine the entire spectrum of Facebook platform for similarly situated users based on their personal and private profiles and information , (i.e. their marital status, their personal information and shortcomings, their sexual preferences, their intimate family issues, their friends, their families, and others), that had been entered in private by the unsuspecting Facebook's users.

20. Defendant, Facebook, then offers for sale the harvested data to multiple vendors and sex workers, based on their geographical or other criteria preferences. This is also referred to as "**Vulnerable List**"). Defendant, Facebook then sells the Vulnerable List to vendors, sex workers, pimps, and other unscrupulous characters for profit.

21. From the Vulnerable List, Sex Worker 1, selected Plaintiff, A.B., and contacted it based and provided, sexually provocative pictures, offering sex, description of sex acts, and other sexually provocative statements, designed to force a positive response from the intended Plaintiff, A.B.

22. Upon Plaintiff, A.B.'s response, Defendant, Sex Worker 1, then requested to move their online dating to Defendant, WhatsApp. Defendant, Sex Worker 1, wanted to avoid any and all scrutiny of the newly formed relationship or servitude into commercial sex with Defendant, Sex Worker 1 and extorsion. Sex Worker 1, provided a specific telephone number for Plaintiff, A.B., to continue with their online dating on Defendant, WhatsApp, in private. Sex Worker 1, provided telephone number (775) 250-2251 and later (865) 888-6210 to continue with the sex and human trafficking.

23. For each and every sexual acts described or performed online, Plaintiff, A.B., had to pay money. Defendant, Sex Worker 1, referred to the money that had to be paid as investment. However, Defendant, Sex Worker 1, had clearly represented to Plaintiff, A.B., that NO portion of any money that he has paid, is returnable or refundable.

24. Defendant, Sex Worker 1, demanded and received money to be paid through Defendants, 247Forextrade AKA 4Rextrade. Plaintiff, A.B., did in fact comply with Defendant, Sex Worker 1's demand before it engaged in online sex with the promise of better sex in person with more money. Plaintiff, A.B., paid in excess of $62,000 in cash and bitcoins to Defendant, Sex Worker 1 through Defendant, 247FOREXTRADE AKA 4REXTRADE.

25. Defendant, Sex Worker 1, then paid to Defendants, Facebook and WhatsApp, some of the money, that she received from Plaintiff, A.B., for the purchase of the Vulnerable List.

26. In addition, Defendants, Facebook, and WhatsApp, benefited by providing the platform, opportunity and the cover for Sex Worker 1 and others to conceal the sex and human trafficking.

27. The vicious cycle of online commercial sex and promises of in-person sex in different geographical locations through out the United States continued along with gradually increased amounts of money for the commercial sex.

28. During Plaintiff, A.B.'s servitude to Defendants, Sex Worker 1 and others, Plaintiff had to pay significant money to Defendant, Sex Worker 1 through Defendants, 247Forextrade AKA 4Rextrade, for online commercial sex.

29. Plaintiff, A.B., was specially and uniquely susceptible and vulnerable to fraud, online and in-person sex manipulations, and servitude.

## FIRST CAUSE OF ACTION
### (Violation of 18 U.S.C. §§ 1591(a) and 1595(a))
### AS TO ALL DEFENDANTS
### (Violation of Trafficking Victims Protection and Reauthorization Act ("TVPRA") )

30. Plaintiffs hereby incorporate by reference herein each and every allegation set forth in paragraphs 1 through 29, inclusive, of this Complaint.

31. Plaintiff, A.B. is a victim and was forced into servitude and commercial sex acts, as defined by 18 U.S.C. § 1591(e)(3).

32. At all times mentioned herein, Defendants, Facebook, WhatsApp, Sex Worker 1, and others whose identities are unknown to Plaintiff, at this time, were "participant in a venture" as "knowingly assisting, supporting, or facilitating a violation of 18 U.S.C. § 1591(a)(1).

33. Defendants, were involved in a "venture" as defined by 18 U.S.C. §§ 1591(e)(4) and 1591(e)(6).

34. .Defendants, violations of TVPRA include civil and criminal liabilities. 18 U.S.C. §§ 1591(a), and 1595(a).

35. Defendants, Facebook, WhatsApp, Sex Worker 1, and others knowingly benefited financially or by increase in pupillarity and advertising appeals to other business, gathered, mined, harvested, and sold Plaintiff's intimate and private information that made the Plaintiff, susceptible to servitude and unwanted commercial sex.

36. Defendants, Facebook, WhatsApp, Sex Worker 1, and others and each of them participated in the venture, of forcing Plaintiff, A.B. into servitude and commercial sex acts.

37. Defendants, Facebook, WhatsApp, Sex Worker 1, and others knew or should have

Law Offices Of Roger E. Naghash
19800 MacArthur Boulevard, Suite 1100
Irvine, California 92612-2440
Telephone (949) 955-1000

1 known that their actions were in violation of 18 U.S.C. § 1595(a).

2     38.    As a direct and proximate result of Defendants acts and omissions Plaintiff, A.B. has
3 sustained damages as described herein.

4     39.    As a direct and proximate result of the above-described unlawful, malicious and
5 sadistic acts of Defendants, committed, Plaintiff suffered grievous property damage, bodily harm,
6 emotional distress, extreme pain and injuries, all in violation of his rights under the laws. 18 U.S.C.
7 § 1595(a).

8     40.    At all times mentioned, the wrongful acts, conduct and omissions of the Defendants,
9 Facebook and WahtsApp, and each of them were willful, wanton, malicious, oppressive, and
10 fraudulent and were done with the intent and design to injure Plaintiff. Plaintiff therefore, is
11 entitled to punitive and exemplary damages against Defendants, Facebook and WahtsApp and each
12 of them in an amount subject to proof at time of trial and sufficient to punish and make an example
13 of Defendants, Facebook and WahtsApp and each of them pursuant to Federal Statutes and
14 California Civil Code Section 3294.

15 WHEREFORE, Plaintiff prays for judgment as hereafter set forth.

### SECOND CAUSE OF ACTION
(Violation of Cal. Pen. Code § 236.1 and Cal. Civ. Code § 52.5)
AS TO ALL DEFENDANTS
(Violation of False Imprisonment and Human Trafficking Act ("FIHTA") )

22     41.    Plaintiffs hereby incorporate by reference herein each and every allegation set forth
23 in paragraphs 1 through 40, inclusive, of this Complaint.

24     42.    Plaintiff, A.B. is was deprived and was a victim of Plaintiff's personal liability by
25 Defendants and each of them, as defined by Cal. Pen. Code § 236.1(h)(3).

26     43.    .Defendants, violations of FIHTA include civil and criminal liabilities. Cal. Pen.
27 Code §§ 236.1, and 52.5.

28     44.    Defendants, Facebook, WhatsApp, Sex Worker 1, and others knowingly benefited

Law Offices Of Roger E. Naghash
19800 MacArthur Boulevard, Suite 1100
Irvine, California 92612-2440
Telephone (949) 955-1000

financially or by increase in pupillarity and advertising appeals to other business, gathered, mined, harvested, and sold Plaintiff's intimate and private information that made the Plaintiff, susceptible to servitude and unwanted commercial sex.

45. Defendants, Facebook, WhatsApp, Sex Worker 1, and others and each of them participated in the venture, of forcing Plaintiff, A.B. into servitude and commercial sex acts.

46. Defendants, Facebook, WhatsApp, Sex Worker 1, and others knew or should have known that their actions were in violations of Cal. Pen. Code §§ 236.1, and 52.5

47. As a direct and proximate result of Defendants acts and omissions Plaintiff, A.B. has sustained damages as described herein.

48. As a direct and proximate result of the above-described unlawful, malicious and sadistic acts of Defendants, committed, Plaintiff suffered grievous property damage, bodily harm, emotional distress, extreme pain and injuries, all in violation of his rights under the laws. Cal. Pen. Code §§ 236.1, and 52.5.

49. At all times mentioned, the wrongful acts, conduct and omissions of the Defendants, Facebook and WahtsApp, and each of them were willful, wanton, malicious, oppressive, and fraudulent and were done with the intent and design to injure Plaintiff. Plaintiff therefore, is entitled to punitive and exemplary damages against Defendants, Facebook and WahtsApp and each of them in an amount subject to proof at time of trial and sufficient to punish and make an example of Defendants, Facebook and WahtsApp and each of them pursuant to Federal Statutes and California Civil Code Section 3294.

WHEREFORE, Plaintiff prays for judgment as hereafter set forth.

### THIRD CAUSE OF ACTION
(Intentional and Negligent Infliction of Emotional Distress)
AS TO ALL DEFENDANTS

50. Plaintiffs hereby incorporate by reference herein each and every allegation set forth in paragraphs 1 through 49, inclusive, of this Complaint.

51. Defendants unlawful acts as descried herein, were intentional, negligent, and outrageous conducts intended to cause severe emotional distress on Plaintiff.

52. As a direct and proximate result of the above-described unlawful, malicious and sadistic acts of Defendants, Plaintiff suffered grievous property damage, bodily harm, emotional distress, extreme pain and injuries, all in violation of his rights under the laws, the United States, and California.

53. At all times mentioned, the wrongful acts, conduct and omissions of the Defendants, Facebook and WahtsApp, and each of them were willful, wanton, malicious, oppressive, and fraudulent and were done with the intent and design to injure Plaintiff. Plaintiff therefore, is entitled to punitive and exemplary damages against Defendants, Facebook and WahtsApp and each of them in an amount subject to proof at time of trial and sufficient to punish and make an example of Defendants, Facebook and WahtsApp and each of them pursuant to Federal Statutes and California Civil Code Section 3294.

WHEREFORE, Plaintiff prays for judgment as hereafter set forth.

## FOURTH CAUSE OF ACTION

(Intentional Misrepresentation and Concealment (Fraud))

AS TO ALL DEFENDANTS

54. Plaintiffs hereby incorporate by reference herein each and every allegation set forth in paragraphs 1 through 53, inclusive, of this Complaint.

55. Defendants unlawful acts as descried herein, were intentional misrepresentation and concealment with intend to defraud Plaintiff.

56. As a direct and proximate result of the above-described unlawful, malicious and sadistic acts of Defendants, Plaintiff suffered grievous property damage, bodily harm, emotional distress, extreme pain and injuries, all in violation of his rights under the laws of the United States, and California.

57. At all times mentioned, the wrongful acts, conduct and omissions of the Defendants,

1  Facebook and WahtsApp, and each of them were willful, wanton, malicious, oppressive, and
2  fraudulent and were done with the intent and design to injure Plaintiff. Plaintiff therefore, is
3  entitled to punitive and exemplary damages against Defendants, Facebook and WahtsApp and each
4  of them in an amount subject to proof at time of trial and sufficient to punish and make an example
5  of Defendants, Facebook and WahtsApp and each of them pursuant to Federal Statutes and
6  California Civil Code Section 3294.

7  WHEREFORE, Plaintiff prays for judgment as hereafter set forth.

## FIFTH CAUSE OF ACTION

(Theft by False Pretenses – Violation of Cal. Pen. Code § 496(c))

AS TO ALL DEFENDANTS

58. Plaintiffs hereby incorporate by reference herein each and every allegation set forth in paragraphs 1 through 57, inclusive, of this Complaint.

59. As more fully set forth herein, Defendants by false pretenses obtained money from Plaintiff by false and deceptive representations and fraud. At all times mentioned herein defendants were NOT entitled to receive any money of any kind or type whatsoever.

60. As a direct and proximate result of the above-described unlawful, malicious and sadistic acts of Defendants, Plaintiff suffered grievous property damage, bodily harm, emotional distress, extreme pain and injuries, all in violation of his rights under the laws of the United States, and California.

61. At all times mentioned, the wrongful acts, conduct and omissions of the Defendants, Facebook and WahtsApp, and each of them were willful, wanton, malicious, oppressive, and fraudulent and were done with the intent and design to injure Plaintiff. Plaintiff therefore, is entitled to punitive and exemplary damages against Defendants, Facebook and WahtsApp and each of them in an amount subject to proof at time of trial and sufficient to punish and make an example of Defendants, Facebook and WahtsApp and each of them pursuant to Federal Statutes and California Civil Code Section 3294.

Law Offices Of Roger E. Naghash
19800 MacArthur Boulevard, Suite 1100
Irvine, California 92612-2440
Telephone (949) 955-1000

WHEREFORE, Plaintiff prays for judgment as hereafter set forth.

### SIXTH CAUSE OF ACTION

(Declaratory and Injunctive Relief)

AS TO ALL DEFENDANTS

62. Plaintiffs hereby incorporate by reference herein each and every allegation set forth in paragraphs 1 through 61, inclusive, of this Complaint.

63. As more fully set forth herein, Defendants' unlawful actions and conducts, have causes and will continue to cause irreparable harm to Plaintiff and others subject to the Defendants' unlawful Sex and Human Trafficking. Damages at law are inadequate, Plaintiff seeks this honorable court to issue preliminary and permanent injunctions to prevent Defendants from engaging in the unlawful conducts against Plaintiff and others and prevent them from continuing with their Sex and Human Trafficking, Commercial Sex Acts, and others. Plaintiff also, seeks a Temporary and Permanent Restraining Order, restraining individual Defendants from their unlawful actions and preventing individual defendants from ever having any contacts with Plaintiff.

64. As a direct and proximate result of the above-described unlawful, malicious and sadistic acts of Defendants, Plaintiff suffered grievous property damage, bodily harm, emotional distress, extreme pain and injuries, all in violation of his rights under the laws of the United States, and California.

WHEREFORE, Plaintiff prays for judgment as hereafter set forth.

**PURSUANT TO FIRST, SECOND, THIRD, FOURTH, FIFTH, AND SIXTH CAUSES OF ACTIONS:**

I. For actual damages sustained that is in excess of $62,000, or according to proof at trial;

II. For incidental, and consequential damages sustained that is believed to be not less

1 than $600,000;

    III.    For Declaratory and Injunctive relief as specified herein;

    IV.    For disgorgement of all money obtained by false pretenses according to proof at trial;

    V.    For Temporary and Permanent Restraining orders as specified herein;

    VI.    For any and all statutory damages;

    VII.    For statutory damages and Civil Penalties;

    VIII.    For emotional distress according to proof at trial;

    IX.    For statutory attorney's fees and legal expenses;

    X.    For any and all statutory remedies pursuant to the violation of statutes as specified herein;

    XI.    For general damages;

    XII.    For lost earning and profit;

    XIII.    For Incidental and Consequential damages;

    XIV.    For special damages;

    XV.    For preliminary and permanent injunctions to prevent Defendants from taking any action of any kind or type whatsoever to further Plaintiff, A.B.-s loses and/or damages.

    XVI.    Order Defendants to refrain from contacting Plaintiff;

    XVII.    For lost earning and profit;

    XVIII.    For present and future medical damages according to proof at trial;

    XIX.    For three times actual damages that is in excess of $186,000.00, as statutory penalty as provided by Cal. Pen. Code § 496(c);

    XX.    For attorney's fees and costs of suit as provided Cal. Pen. Code § 496(c);

    XXI.    For attorney's fees and costs of suit as provided 18 U.S.C. §§ 1591(a) and 1595(a);

    XXII.    For attorney's fees and costs of suit as provided Cal. Pen. Code § 236.1 and Cal. Civ. Code § 52.5.

    XXIII.    For Civil Penalty as provided Cal. Pen. Code § 236.1 and Cal. Civ. Code § 52.5.

    XXIV.    For Civil Penalty as provided 18 U.S.C. §§ 1591(a) and 1595(a);

    XXV.    For pre-judgment interest at the rate of ten percent per annum from July 1, 2019;

Law Offices Of Roger E. Naghash
19800 MacArthur Boulevard, Suite 1100
Irvine, California 92612-2440
Telephone (949) 955-1000

XXVI. For cost of suit incurred herein; and

XXVII. For such further and other relief as the court deems just and appropriate.

**PURSUANT TO ALL CAUSES OF ACTION:**

XXVIII. Plaintiff demands jury trial;

XXIX. For cost of suit incurred herein;

XXX. For such further and other relief as the court deems just and appropriate.

Respectfully Submitted.

LAW OFFICES OF ROGER E. NAGHASH

**Dated this 26th day of September 2020**   By: _____
**Roger E. Naghash, Esq.**
Attorney for Plaintiff, A.B.