**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| A.B.,<br><br>          Plaintiff,<br><br>v.<br><br>FACEBOOK, INC. *et al.*,<br><br>          Defendants. | Case No.:  CV 20-9012-CBM-(MAAx)<br><br>**ORDER RE:  DEFENDANTS FACEBOOK, INC. AND WHATSAPP, INC.'S (COLLECTIVELY, "DEFENDANTS'") MOTION TO DISMISS CLAIMS UNDER FEDERAL RULES 8(A), 9(B) AND 12(B)(6) OR, IN THE ALTERNATIVE, TO TRANSFER PROCEEDINGS UNDER 28 U.S.C. § 1404(A)  [28]** |

The matter before the Court is Defendants Facebook, Inc. and WhatsApp, Inc.'s (collectively, "Defendants'") Motion to Dismiss Claims Under Federal Rules 8(a), 9(b) and 12(b)(6) or, in the alternative, to Transfer Proceedings Under 28 U.S.C. § 1404(a).  (Dkt. No. 28 (the "Motion").)  The matter is fully briefed.

## I.     BACKGROUND

This action was brought by Plaintiff A.B. against Defendants Facebook,

Inc. WhatsApp, Inc., 247forextrade also known as 4rextrade,[1] and Rose Lund[2] arising from an online sexual relationship between Plaintiff and Defendant Lund which occurred through use of Plaintiff and Lund's Facebook accounts and the WhatsApp messaging application.  The Complaint asserts six causes of action:  (1) violation of Trafficking Victims Protection and Reauthorization Act, 18 U.S.C. §§ 1591(a) and 1595(a); (2) violation of Cal. Pen. Code § 236.1 and Cal. Civ. Code § 52.5; (3) intentional and negligent infliction of emotional distress; (4) intentional misrepresentation and concealment (fraud); (5) theft by false pretenses—violation of Cal. Pen. § 496(c); and (6) declaratory and injunctive relief.

## II.    STATEMENT OF THE LAW

Federal Rule of Civil Procedure 8(a) provides that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).  Federal Rule of Civil Procedure 12(b)(6) allows a court to dismiss a complaint for "failure to state a claim upon which relief can be granted."  Dismissal of a complaint can be based on either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  To survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A formulaic recitation of the elements of a cause of action will not suffice.  *Twombly*, 550 U.S. at 555.  To conform to Federal Rule of Civil Procedure 8, the plaintiff must make more than "an unadorned, the-defendant-harmed me" accusation.  *Iqbal*, 556 U.S. at 678.  Labels and conclusions are insufficient to meet the plaintiff's obligation to

---

[1] No summons has been issued as to Defendant 247forextrade, no proof of service on that defendant has been filed by Plaintiff, and it has not appeared in this action.

[2] The Complaint also refers to Defendant Lund as "Sex Worker 1."

provide the grounds of his or her entitlement to relief. *Twombly*, 550 U.S. at 555.

"Factual allegations must be enough to raise a right to relief above the speculative

level." *Id.* On a motion to dismiss for failure to state a claim, courts accept as

true all well-pleaded allegations of material fact and construes them in a light most

favorable to the non-moving party. *Manzarek v. St. Paul Fire & Marine Ins. Co.*,

519 F.3d 1025, 1031–32 (9th Cir. 2008). A court may only consider the

allegations contained in the pleadings, exhibits attached to or referenced in the

complaint, and matters properly subject to judicial notice. *Tellabs, Inc. v. Makor

Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

Rule 9(b) governs all claims sounding in fraud, and requires that "in

alleging fraud or mistake, a party must state with particularity the circumstances

constituting fraud or mistake." Fed. R. Civ. P. 9(b). "Malice, intent, knowledge,

and other conditions of a person's mind may be alleged generally." *Id*. To satisfy

Rule 9(b), Plaintiff must plead facts regarding the "who, what, when, where, and

how" of the alleged misconduct. *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124

(9th Cir. 2009).

### III.   DISCUSSION

#### A.   Evidentiary Objections

Plaintiff objects to the declaration of Jennifer Pricer and the exhibits

attached thereto filed by Defendants on the ground the Court cannot consider

extrinsic documents such as a declaration and exhibits in ruling on a Rule 12(b)(6)

motion to dismiss. However, Pricer's declaration and the exhibits attached thereto

are relied on by Defendants for the Motion to Transfer pursuant to 28 U.S.C. §

1404(a). Therefore, Plaintiff's objection to Pricer's declaration and the exhibits

attached thereto on this basis is **<u>OVERRULED</u>**.

Plaintiff also objects to the exhibits attached to Pricer's declaration on the

ground they are unauthenticated, lack foundation, lack personal knowledge of the

declarant, and are hearsay, irrelevant and untrustworthy. However, because the

Court denies Defendants' Motion to Transfer as moot, the Court did not consider any of the evidence offered by Defendants.  Therefore, the Court **OVERRULES** Plaintiff's objections to the evidence on this basis as **MOOT**.  *See United States ex rel. Lesnik v. Eisenmann SE*, 2021 WL 1893072, at *4 (N.D. Cal. May 11, 2021) (overruling evidentiary objections as moot because the Court did not rely on the evidence objected to); *Nano-Second Tech. Co. v. Dynaflex Int'l*, 2011 WL 4502025, at *2 (C.D. Cal. Sept. 28, 2011) (same).

**B.**   ***In Pari Delicto* Doctrine**

Defendants argue Plaintiff's causes of action are barred by the *in pari delicto* doctrine because Plaintiff's claims are based on his own solicitation of online sex with a hope for in-person commercial sex, and the allegations in the Complaint "establish his own active participation in the underlying wrongs that he claims injured him."  "The doctrine of in pari delicto bars a participant in an unlawful act from recovering damages from another participant in the unlawful act."  *In re Crown Vantage, Inc.,* 2003 WL 25257821, at *7 (N.D. Cal. Sept. 25, 2003), *aff'd sub nom. Crown Paper Liquidating Tr. v. Pricewaterhousecoopers LLP*, 198 F. App'x 597 (9th Cir. 2006); *see also Casey v. U.S. Bank Nat. Assn.*, 127 Cal. App. 4th 1138, 1143 n.1 (2005); Cal. Civ. Code § 3517.

Plaintiff argues the doctrine of *in pari delicto* is an improper basis for dismissal at the pleading stage.  Where, however, the defense of *in pari delicto* is established based on the allegations in the complaint, the Court may dismiss the complaint at the motion to dismiss stage based on that doctrine.  *See In re Crown Vantage, Inc.,* 2003 WL 25257821, at *7 (N.D. Cal. Sept. 25, 2003), *aff'd sub nom. Crown Paper Liquidating Tr. v. Pricewaterhousecoopers LLP*, 198 F. App'x 597 (9th Cir. 2006); *Off. Comm. of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP*, 322 F.3d 147, 164 (2d Cir. 2003).

Plaintiff acknowledges the Ninth Circuit has held under "[t]he doctrine of in pari delicto, . . . a plaintiff who has participated in wrongdoing cannot recover

when he suffers injury as a result of the wrongdoing." *First Beverages, Inc. of Las Vegas v. Royal Crown Cola Co.*, 612 F.2d 1164, 1172 (9th Cir. 1980). However, Plaintiff argues he was an "unwilling individual who was deceived by Defendants Facebook and Whatsapp [sic] conducts and action," and contends he "neither willfully or intentionally participates in sale of the intimate date and/or sex trafficking." The Complaint contains no allegations of Plaintiff being forced to engage in sexual acts with Defendant Lund online, nor allege facts demonstrating Plaintiff was forced to pay Defendant Lund for engaging in sexual acts. Instead, the Complaint alleges Lund "contacted" Plaintiff and provided him with "sexually provocative pictures, offer[ed] sex, description of sex acts, and other sexually provocative statements" to Plaintiff, Plaintiff "respon[ded]" to the Sex Worker's messages, and Plaintiff and Sex Worker "continue[d] with their online dating on Defendant, WhatsApp, in private." (Compl. ¶¶ 21, 22.) Plaintiff alleges "[f]or each and every sexual acts [sic] described or performed online, Plaintiff, A.B., had to pay money," Plaintiff paid Sex Worker I money before he "engaged in online sex with the promise of better sex in person with more money," and Plaintiff "had to pay significant money to Defendant Sex Worker I . . . for online commercial sex." (*Id.* ¶¶ 23, 24, 29.) The allegations in the Complaint thus demonstrate Plaintiff participated in the online sex acts which are the basis of his claims. Accordingly, the Court dismisses the Complaint without leave to amend based on the doctrine of *in pari delicto*. *See In re Crown Vantage, Inc.,* 2003 WL 25257821, at *6-*10; *Produce All., LLC v. W. Cent. Produce, Inc.*, 2020 WL 8254865, at *8 (C.D. Cal. Oct. 22, 2020).[3]

## C. Communications Decency Act, 47 U.S.C. § 230

Defendants argue Plaintiff's claims are also barred by Section 230 of the Communications Decency Act ("CDA"). 47 U.S.C. § 230(c)(1) provides: "No

---

[3] Based on the allegations in the Complaint and the doctrine of *in pari delicto*, amendment would be futile.

provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider." Section 230(c) provides immunity to "providers of interactive computer services against liability arising from content created by third parties." *Fair Hous. Council of San Fernando Valley v. Roommates.com, LLC*, 521 F.3d 1157, 1162 (9th Cir. 2008).  Therefore, dismissal under Section 230 is appropriate where: "(1) Defendant is a provider or user of an interactive computer service; (2) the information for which Plaintiff seeks to hold Defendant liable is information provided by another information content provider; and (3) Plaintiff's claim seeks to hold Defendant liable as the publisher or speaker of that information." *Sikhs for Justice "SFJ", Inc. v. Facebook, Inc.*, 144 F. Supp. 3d 1088, 1092 (N.D. Cal. 2015), *aff'd sub nom. Sikhs for Justice, Inc. v. Facebook, Inc.*, 697 Fed. App'x 526 (9th Cir. 2017).

As to the first element, the term "interactive computer service" means "any information service, system, or access software provider that provides or enables computer access by multiple users to a computer server, including specifically a service or system that provides access to the Internet and such systems operated or services offered by libraries or educational institutions."  47 U.S.C. § 230(f)(2). Here, the Complaint alleges Defendant Facebook is "a social media platform" (Compl. ¶ 11), and Plaintiff and Defendant Lund later communicated online through WhatsApp (*id*. ¶ 22).  Plaintiff does not dispute Defendants Facebook and WhatsApp are interactive computer services.  Therefore, Facebook and WhatsApp are interactive computer services for purposes of Section 230.  *See Fed. Agency of News LLC v. Facebook, Inc.*, 432 F. Supp. 3d 1107, 1117 (N.D. Cal. 2020).

Regarding the second element, Plaintiff argues Defendants Facebook and WhatsApp are not entitled to immunity under Section 230 because they "materially contribute[d] to the development of the third-party-content's alleged unlawfulness," and are "'responsible, in whole or in part,' for creating or

developing, the access for website."  However, the Complaint alleges Defendant

Lund (not Defendants Facebook or WhatsApp) contacted Plaintiff and provided

sexually provocative photos and statements to generate a "positive response"

from Plaintiff, Plaintiff and Lund then engaged in an "online dating" relationship,

and Plaintiff paid Lund for online sex acts.  (Compl. ¶¶ 21-24.)  Therefore,

Plaintiff seeks to hold Defendants Facebook and WhatsApp liable for statements

made to Plaintiff by Lund, which satisfies the second element for immunity under

Section 230.  *See Fed. Agency of News LLC v. Facebook, Inc.*, 432 F. Supp. 3d at

1117–18.

With respect to the third element, "publication involves reviewing, editing,

and deciding whether to publish or to withdraw from publication third-party

content." *Barnes v. Yahoo!, Inc.*, 570 F.3d 1096, 1102 (9th Cir. 2009), *as

amended* (Sept. 28, 2009).  Here, Plaintiff seeks to hold Facebook and WhatsApp

liable as publishers of the statements provided by Lund to Plaintiff using

Facebook's social media platform and WhatsApp.  *See Force v. Facebook, Inc.*,

934 F.3d 53, 65 (2d Cir. 2019), *cert. denied*, 140 S. Ct. 2761, 206 L. Ed. 2d 936

(2020).  Accordingly, each of the elements are satisfied for immunity under

Section 230 of the CDA.

Defendants are also entitled to immunity under Section 230 to the extent

Plaintiff seeks to hold Facebook and WhatsApp liable for "data mining."  The

Complaint alleges Facebook "mine [sic] the entire spectrum of Facebook platform

for similarly situated users based on their personal and private profiles and

information, (i.e. their marital status, their personal information and shortcomings,

their sexual preferences, their intimate family issues, their friends, their families,

and others)," and "then offers for sale the harvested data to multiple vendors and

sex workers, based on their geographical or other criteria preferences."  (Compl.

¶¶ 19-20.)[4]  Plaintiff thus argues his claims are not barred by Section 230 of the CDA because the Complaint alleges Defendants are active participants and co-conspirators with Defendant Lund based on their "data mining" and sale of data. However, the Complaint's allegations regarding "data mining" do not demonstrate Facebook is a provider of content from third parties given such data.  *See Dyroff v. Ultimate Software Grp., Inc.*, 934 F.3d 1093, 1098 (9th Cir. 2019); *Fed. Agency of News LLC*, 432 F. Supp. 3d at 1118.  Instead, Plaintiff seeks to hold Facebook and WhatsApp liable for statements made by Defendant Lund.

Therefore, the Court also dismisses Plaintiff's claims against Facebook and WhatsApp because Facebook and WhatsApp are entitled to immunity pursuant to Section 230(c) of the CDA.[5]

## IV.   CONCLUSION

Accordingly, the Court **GRANTS** Defendants' Motion to Dismiss, and dismisses Plaintiff's claims against Defendants Facebook and WhatsApp without leave to amend.[6]  Defendants' alternative Motion to transfer this action to the Northern District of California pursuant to 28 U.S.C. § 1404(a) is **DENIED** as **MOOT**.

**IT IS SO ORDERED.**

DATED:  June 1, 2021.

CONSUELO B. MARSHALL
UNITED STATES DISTRICT JUDGE

---

[4] The Complaint does not allege WhatsApp engages in the alleged "data mining."

[5] Plaintiff's claims against Facebook and WhatsApp are all predicated on Lund's alleged statements to Plaintiff, and Plaintiff's and Lund's online sexual relationship.

[6] The Court also finds Plaintiff fails to plead sufficient facts to state a claim against Defendants Facebook and WhatsApp under Federal Rule of Civil Procedure 12(b)(6).  However, having dismissed Plaintiff's claims against Facebook and WhatsApp without leave to amend under the doctrine of *in pari delicto* and having found Defendants Facebook and WhatsApp are entitled to immunity under Section 230(c) of the CDA, the Court does not address in detail the parties' arguments regarding whether Plaintiff pleads sufficient facts to state a claim under Rule 12(b)(6).